UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDON SHAY ANDERSON, )
)
    Plaintiff, )
)
vs. ) Civil Action No. _____
)
GEORGE LEWIS, individually and as )
an Officer of the Bristol, Tennessee )
Police Department and JIMMY DILLARD, )
individually and as an Officer of the )
Bristol, Tennessee Police Department, )
)
    Defendants. )
)

## COMPLAINT

Plaintiff, BRANDON SHAY ANDERSON, sues Defendants, GEORGE LEWIS, individually and as an Officer of the Bristol, Tennessee Police Department, and JIMMY DILLARD, individually and as an Officer of the Bristol, Tennessee Police Department, and alleges:

## PARTIES

1. Plaintiff, BRANDON SHAY ANDERSON, is an individual, *sui juris*, residing in Bristol, Virginia.

2. Defendant, GEORGE LEWIS, individually and as an Officer of the Bristol, Tennessee Police Department, is an individual, *sui juris*, who, on information and belief, resides in Sullivan County, Tennessee and may be served with process at the Bristol, Tennessee Police Department, 801 Anderson Street, Bristol, Tennessee 37620. This Defendant is sued in both his individual and official capacities.

3. Defendant, JIMMY DILLARD, individually and as an Officer of the Bristol, Tennessee Police Department, is an individual, *sui juris*, who, on information and belief, resides in Sullivan County, Tennessee and may be served with process at the Bristol, Tennessee Police Department, 801 Anderson Street, Bristol, Tennessee 37620. This Defendant is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is primarily based upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) in that it is a civil action (a) that arises under the Constitution, laws, or treaties of the United States; (b) that is authorized by law to be commenced by any person to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States; and (c) to recover damages under an act of Congress providing for the protection of civil rights. Specifically, this is an action arising, in part, under 42 U.S.C. § 1983 for deprivation of civil rights.

5. Jurisdiction is also based upon 28 U.S.C. § 1367 as to those causes of action based upon State law that are so related to claims in this action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this judicial district, in accordance with 28 U.S.C. § 1391(b), in that (a) all defendants reside in this judicial district; (b) a substantial part of the events giving rise to the claim occurred in this judicial district; and (c) all defendants may be found in this judicial district.

## ACTION UNDER 42 U.S.C. § 1983
## EXCESSIVE FORCE AGAINST LEWIS AND DILLARD

7. Paragraphs 1 through 6 are hereby realleged and incorporated by reference as though fully set forth verbatim.

8. Plaintiff is an African-American male, 29 years of age, 5'5" tall and weighs approximately 145 pounds.

9. On May 31, 2015 at approximately 11:45 p.m., Plaintiff was driving a 1996 Chevrolet Blazer belonging to his mother, Yolanda Anderson, in a northerly direction on Volunteer Parkway at its intersection with Weaver Pike in Bristol, Tennessee.

10. As Plaintiff was proceeding through the intersection of Volunteer Parkway and Weaver Pike, the traffic light turned yellow for the traffic on Volunteer Parkway and turned red before Plaintiff exited the intersection.

11. At that time, Defendant, GEORGE LEWIS (hereinafter "Lewis") was in his patrol vehicle on Weaver Pike approaching Volunteer Parkway.

12. After Plaintiff went through the intersection of Volunteer Parkway and Weaver Pike, Lewis proceeded to follow Plaintiff, activated the emergency lights on his patrol vehicle, and then stopped Plaintiff at the Roadrunner Market located at 400 Volunteer Parkway, Bristol, Tennessee.

13. Lewis then approached Plaintiff's vehicle at the driver's door, asked Plaintiff for his driver license and registration, and Plaintiff informed Lewis that he did not have his license. Lewis then asked Plaintiff to write his name, birth date, and social security number on a piece of paper that Lewis gave to Plaintiff.

14. Plaintiff then wrote the name Harry Anderson, III and birth date of October 4, 1977 on the piece of paper, which was false. Harry Anderson, III is Plaintiff's cousin.

15. At this point, Defendant, JIMMY DILLARD (hereinafter "Dillard"), arrived at the scene and informed Lewis that he was familiar with Harry Anderson, III and that Plaintiff was not that individual.

16. Lewis and Dillard then approached the driver's door of Plaintiff's vehicle and asked Plaintiff to step out of the vehicle, which Plaintiff did.

17. Lewis was on Plaintiff's left side and Dillard was on Plaintiff's right side and Defendants

3

began to take Plaintiff into custody. Plaintiff retained possession of his cell phone in his right hand and, as Dillard was trying to take the phone away from Plaintiff, Dillard began to threaten to tase Plaintiff. This placed Plaintiff in fear of being tased and a struggle ensued between Plaintiff and Defendants.

18. At one point, Defendants pushed Plaintiff to the ground in a grassy area near his vehicle, and when Plaintiff was lying face down on the ground, Dillard violently and forcefully thrust his right knee into Plaintiff's right buttocks area. Plaintiff then screamed in pain.

19. Defendants then placed handcuffs on Plaintiff and left him lying on the ground on his back.

20. Plaintiff then informed Defendants that he thought that Defendants had broken his leg and Plaintiff was continually complaining about pain.

21. Although Defendants and other officers at the scene expressed their disbelief of Plaintiff's complaint about pain, EMS was called to the scene and Plaintiff was transported to Bristol Regional Medical Center (hereinafter "BRMC").

22. Once at BRMC, two officers, including Officer John Kistner, remained with Plaintiff as he was examined.

23. It was determined by BRMC physicians that Plaintiff had suffered a shattered right pelvis. Plaintiff was then transferred to Holston Valley Medical Center, where surgery was performed to repair the shattered pelvis, which included the installation of metal plates and nine (9) screws.

24. As a direct and proximate result of the injuries sustained by Plaintiff, his ability to walk unassisted has been and will be hampered for life and he continues to suffer pain in the right hip and right lower extremity.

23. Plaintiff has engaged the undersigned attorneys and has agreed to pay said attorneys a reasonable fee for their services rendered in prosecuting this action.

24. All conditions precedent to the commencement of this action have been performed or have been waived or excused.

25. The Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment, states: "The right of the people to be secure in their persons... against unreasonable searches and seizures, shall not be violated...." A similar right is granted under article I, section 7 of the Tennessee Constitution.

26. Defendants' conduct in exercising excessive force in the course of making the arrest of Plaintiff, a free citizen, constituted a wrongful arrest and seizure of Plaintiff's person.

27. As such, the Defendants committed an unreasonable seizure of Plaintiff's person in violation of the Fourth Amendment to the United States Constitution.

28. At all times material to this action, the Defendants were acting under color of state law, within the meaning of 42 U.S.C. § 1983.

29. Plaintiff is entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. § 1988 (b).

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, BRANDON SHAY ANDERSON, demands judgment against Defendants, GEORGE LEWIS, individually and as an Officer of the Bristol, Tennessee Police Department, and JIMMY DILLARD, individually and as an Officer of the Bristol, Tennessee Police Department, for compensatory damages of $5,000,000.00, punitive damages as may be determined by the trier of fact, the costs of this action, and reasonable attorney's fees. Plaintiff further requests such other relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests that this action be tried by a Jury.

RESPECTFULLY SUBMITTED,

By: */s Cheryl E. LaNasa*
Cheryl E. LaNasa (BPR #023913)

By: */s Mark W. McFall*
Mark W. McFall (BPR # 029549)

LANASA & MCFALL, P.C.
300 East Main Street, Suite 304
Johnson City, Tennessee 37601-5705
(423) 232-0600 (Phone)
(423) 232-7100 (Fax)
cheryl@lanasaandmcfall.com
mark@lanasaandmcfall.com

Attorneys for Plaintiff