UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDON SHAY ANDERSON )
)
    Plaintiff, )
)
v. ) CASE NO. 2:16-CV-142
)
)
GEORGE LEWIS, individually )
and as an Officer of the Bristol, )
Tennessee Police Department and )
JIMMY DILLARD, individually )
and as an Officer of the Bristol )
Tennessee Police Department, )
)
    Defendants. )
)

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS' MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

COMES NOW, Plaintiff, BRANDON SHAY ANDERSON, by and through his undersigned attorneys, and responds in opposition to Defendants' Motion to Dismiss/Motion for Summary Judgment as follows:

### I.    Standards of Review:

Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the claims made against Defendants in their official capacity and, pursuant to Fed. R. Civ. P. 56, for summary judgment on the claims made against Defendants in their individual capacity. As to a motion to dismiss under Rule 12(b)(6), Judge Greer of this Court has stated the standard of review as follows:

> Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) eliminates a pleading or portion thereof that fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Moreover, Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) requires the Court to construe the allegations in the

complaint in the light most favorable to the plaintiff and accept all the complaint's factual allegations as true. *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir.1990). The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir.1990). The Court must liberally construe the complaint in favor of the party opposing the motion. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir.1995). However, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and to "state a claim to relief that is plausible on its face," *id.* at 570; *see also Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Moreover, this Court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)); *see also Iqbal*, 129 S.Ct. at 1949. Lastly, this Court may consider documents central to the plaintiff's claims to which the complaint refers and incorporates exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

*Marcum v. Eastman Credit Union*, 2011 WL 1225792, *1 (E.D. Tenn. March 30, 2011).

In *Jenkins v. Marvel*, 2010 U.S. Dist. LEXIS 132945, 2010 WL 5184884 (E.D. Tenn. 2010), Judge Mattice of this Court stated the following standard for ruling on a motion for summary judgment:

> Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party may bear this burden by either producing evidence that demonstrates the absence of a genuine issue of material fact, or by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v.*

*Pelletier,* 516 U.S. 299, 309, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996); *see Anderson,* 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex,* 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson,* 477 U.S. at 252; *McLean v. Ontario, Ltd.,* 224 F.3d 797, 800 (6th Cir. 2000).

*Jenkins,* 2010 U.S. Dist. LEXIS at *35-37.

## II. <u>Plaintiff's Criminal Charges and Conviction and the *Heck* Doctrine</u>:

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming that the Defendants violated his constitutional rights by using excessive force in effecting Plaintiff's arrest, shattering Plaintiff's right pelvis, which resulted in surgery to repair the shattered pelvis including the installation of metal plates and screws. [Complaint, Doc. 1, ¶ 23, PageID # 4] Defendants assert in their Motion to Dismiss/Motion for Summary Judgment that Plaintiff's claim is barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). [Defendants' Memorandum of Law, Doc. 26, PageID # 90-92] In *Heck,* the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 487-88 (emphasis in original).

Defendants cite *Hayes v. Kingsport Police Dept.,* 2008 WL 782503 (E.D. Tenn.) in which this Court granted the defendant police officers' motion for summary judgment in an action under 42 U.S.C. § 1983, finding that *Heck* barred the plaintiff's claim for excessive use of force. *Id.* at *4. *Hayes* is distinguishable on its facts because there, the plaintiff pled guilty to a resisting arrest charge and if he prevailed in his § 1983 action, his conviction based on that guilty plea would

3

necessarily be called into question. *Id.*

Defendants next cite *Matheney v. City of Cookeville,* 2012 WL 372974 (6th Cir. February 7, 2012), where the Circuit Court of Appeals affirmed the district court's summary judgment based upon *Heck. Id.* at \*\*2. In *Matheney* as in *Hayes*, the plaintiff pled guilty to a resisting arrest charge and if he prevailed in his § 1983 action, his conviction based on that guilty plea would necessarily be called into question. The *Matheney* Court stated, however,

> For *Heck* to bar a § 1983 claim, success on the claim must *necessarily* imply the invalidity of the conviction. Thus, both the § 1983 claim and the conviction must arise out of the same events. Conversely, an excessive force claim is not barred when the alleged use of force occurred *after* the suspect was handcuffed and brought under control. In such a case, the force would not be "inextricably intertwined" with the suspect's resistance to arrest.

*Id.* at \*\*3 (citations omitted) (emphasis in original).

In this case, the Plaintiff did not plead guilty to the resisting arrest charge—he was indicted, tried by a jury, and convicted. And, the Defendant officers had the Plaintiff "brought under control" when the excessive force occurred. As stated in the Complaint, "Defendants pushed Plaintiff to the ground in a grassy area near his vehicle, and when Plaintiff was lying face down on the ground, Dillard violently and forcefully thrust his right knee into Plaintiff's right buttocks area." [Complaint, Doc. 1, ¶ 18, PageID # 4] After Plaintiff's arrest and transport to Bristol Regional Medical Center, "[i]t was determined by BRMC physicians that Plaintiff had suffered a shattered right pelvis." [Complaint, Doc. 1, ¶ 23, PageID # 4]

Because Plaintiff was on the ground and "under control," the excessive force claim would not be "inextricably intertwined" with Plaintiff's resisting arrest, and *Heck* would not be a bar to the claim. *See Coble v. City of White House,* 2009 WL 2850764, at \*8–9 (M.D. Tenn. August 29, 2009), rev'd on other grounds, 634 F.3d 865 (6th Cir. 2011). Conversely, in *Hayes* and *Matheney*, "a plea of guilty to a charge of resisting arrest and the resulting conviction necessarily include a

4

finding that the officer did not use excessive force." *Coble* at *8.

The facts of the instant case show that *Heck v. Humphrey* is not a bar to Plaintiff's claim under 42 U.S.C. § 1983 for Defendants' use of excessive force, which resulted in severe injury to Plaintiff. It would indeed be inequitable for any person who suffers severe injury at the hands of the police, who have exercised excessive force, to be left with no redress for those injuries simply because the police have claimed that the person has resisted arrest. It creates a policy under which the police are free to use force that is beyond reason—and inflict serious bodily harm—just because a person resists arrest. Plaintiff's pursuit of his § 1983 claim here would not necessarily imply the invalidity of his conviction. The application of the *Heck* Doctrine in this case would nullify the elementary legal maxim—*ubi jus ibi remedium*—there is no wrong without a remedy.

## III. Defendants are not Entitled to Qualified Immunity Based on Collateral Estoppel:

Defendants assert in their Memorandum of Law that Plaintiff is collaterally estopped to bring his excessive force action by his state court criminal conviction for resisting arrest, and that Defendants are therefore entitled to qualified immunity from Plaintiffs § 1983 claim. [Defendant's Memorandum of Law, Doc. 26, PageID # 93] Defendants rely on *Isibor v. City of Franklin,* 149 F.3d 1183 (6th Cir. 1998)[1] in support of this proposition. In *Isibor,* a college professor was arrested after refusing a police officer's instructions to move his vehicle that was parked in the fire lane of a Walmart store. *Id.* at *1. The professor was charged with disorderly conduct and resisting arrest and, after a trial, the state court judge acquitted him of the disorderly conduct charge but found him guilty of resisting arrest. *Id.* at *2. The professor then filed a § 1983 suit in federal court asserting, among others, a claim for excessive force. *Id.*

The police officers filed for summary judgment on grounds of qualified immunity based

---

[1] The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.

5

upon the collateral estoppel effect of the professor's criminal conviction for resisting arrest, as well as "the finding by the state court that the officers did not use 'more force than was necessary concerning his [the professor's] action.'" *Id.* The district court found collateral estoppel inapplicable to the professor's action, and the officers appealed. *Id.* On appeal, the *Isibor* Court reversed the district court, finding that the professor was collaterally estopped to bring an excessive force action under § 1983 and that summary judgment should be entered in favor of the officers on that claim. *Id.* at 5. It appears that the collateral estoppel effect of the state court conviction for excessive force turned on the finding by the state court judge that the officers did not use more force than was necessary in effecting the arrest. *Id.* at 2.

In this case, Defendants have not shown any finding by the state court judge that the Defendants did not use more force than was necessary during the Plaintiff's arrest. *Isibor* is therefore inapposite. Because Plaintiff has shown that his claim is not barred by *Heck* and that collateral estoppel is inapplicable, this Court must conduct the qualified immunity analysis to determine whether Defendants are entitled to summary judgment on that basis.

> Determining whether an official is entitled to qualified immunity involves a two-part inquiry. First we ask whether a constitutional violation occurred. If so, we then ask whether the constitutional violation "involved 'clearly established constitutional rights of which a reasonable person would have known.'"

*Isibor* at *3 (citations omitted).

Based on the above argument, a constitutional violation clearly occurred—unreasonable seizure in the form of excessive use of force in violation of the Fourth Amendment to the United States Constitution. And a reasonable person would have known that the use of excessive force by police officers resulting in the Plaintiff's pelvis being shattered involved the violation of a clearly established right of the Plaintiff. Defendants are therefore not entitled to summary judgment based on qualified immunity.

6

## IV. Plaintiff Does Not Claim False Arrest:

Defendants state in their Memorandum of Law that, "to the extent the Complaint seeks to assert a false arrest claim," such claim is barred because of the "existence of probable cause for an arrest" existed. [Defendant's Memorandum of Law, Doc. 26, PageID # 94]. However, Plaintiff does not seek to make a claim for false arrest and does not oppose the dismissal of such a claim, to the extent that one existed.

## V. Official Capacity Claims Should be Dismissed:

Plaintiff agrees that claims made against a governmental officer is tantamount to a claim against the government-employer, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985), and there is no *respondeat superior* liability in a § 1983 action, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Plaintiff's Complaint concededly contains no allegations directed to the Defendants' employer, the City of Bristol, which would give rise to an official capacity claim. Accordingly, Plaintiff does not oppose the dismissal of all claims against Defendants in their official capacities, without prejudice.

RESPECTFULLY SUBMITTED,

By: *s/Cheryl E. LaNasa*
    Cheryl E. LaNasa (BPR #023913)

By: *s/Mark W. McFall*
    Mark W. McFall (BPR # 029549)

LANASA & MCFALL, P.C.
300 East Main Street, Suite 304
Johnson City, Tennessee 37601-5705
(423) 232-0600 (Phone)
(423) 232-7100 (Fax)
cheryl@lanasaandmcfall.com
mark@lanasaandmcfall.com

Attorneys for Plaintiff

7

Case 2:16-cv-00142-MCLC Document 29 Filed 08/09/17 Page 7 of 8 PageID #: 135

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Plaintiff's Report of Intent to Proceed has been served upon all counsel of interest in this case, by delivering a true and exact copy to the offices of counsel of record shown at the address below or by electronically filing a copy with the United States District Court, Eastern District of Tennessee.

K. Erickson Herrin, Esq.
HERRIN, BOOZE & McPEAK
515 East Unaka Avenue
P. O. Box 629
Johnson City, TN 37605-0629

This the 9th day of August 2017.


By: __/s Mark W. McFall__
       Mark W. McFall