UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| BRANDON SHAY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:16-CV-142 |
| | ) | |
| vs. | ) | |
| | ) | |
| GEORGE LEWIS, individually, and | ) | |
| as an officer of the Bristol Tennessee Police | ) | |
| Department; and | ) | |
| | ) | |
| JIMMY DILLARD, individually, and | ) | |
| as an officer of the Bristol Tennessee Police | ) | |
| Department | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Brandon Shay Anderson, ("Anderson"), has filed this civil rights action for damages under 42 U.S.C § 1983 against two members of the Bristol, Tennessee Police Department, George Lewis and Jimmy Dillard ("Lewis" and "Dillard," respectively). Before this Court are Defendants' motions to dismiss and for summary judgment [Doc. 24]. Plaintiff filed a response in opposition [Doc. 29]; Defendants filed a reply [Doc. 32]. For the reasons set forth below, Defendants' motions are GRANTED.

**I.  BACKGROUND**

On May 31, 2015, Officer Lewis stopped Anderson for failing to stop at a traffic light [Doc 1, pg. 3]. Lewis requested Anderson's identification, which he could not provide. Instead, Anderson lied and identified himself as "Harry Anderson, III." *Id.* Officer Dillard arrived at the scene and knew that Anderson was not "Harry Anderson, III," as he had represented. Anderson

was asked to step out of the vehicle. Both officers approached Anderson to place him under arrest.[1] When they did, Anderson physically engaged them. A scuffle proceeded with the officers yelling at him to stop resisting. Officers struggled to subdue Anderson in the parking lot. The video shows the struggle continued a short distance from Anderson's vehicle to a nearby grassy area where they all fell to the ground. When they fell, Officer Dillard's knee went into the back of Anderson's hip causing Anderson to yell out that his leg was broken. The officers handcuff him and immediately called for medical assistance. Anderson was transported by ambulance to the Bristol Regional Medical Center, where he was diagnosed with a shattered right pelvis. [Doc. 1, pg. 4]. His injuries required surgery. *Id.*

As a result of this incident, a Sullivan County Grand Jury indicted Anderson for, among other things, resisting arrest under T.C.A. § 39-16-602[2] [Doc. 26-2]. While the criminal case was pending, Anderson filed this lawsuit pursuant to 41 U.S.C. § 1983, alleging that the officers violated his constitutional rights by using excessive force in making the arrest. The Court, on Anderson's motion, stayed this action pending the resolution of the state criminal charges [Doc. 19]. His state criminal case then proceeded to a jury trial where he was convicted of identity theft and resisting arrest [Doc. 31, pg. 2]. After the conviction, the Court lifted the stay [Doc. 22]. These pleadings followed.

## II. STANDARD OF REVIEW

Summary judgment is proper only when there is no genuine issue of material fact and the

---

[1] A video of the entire incident was introduced as part of the record.

[2] T.C.A. § 39-16-602 provides as follows:

It is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer … from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another.

movant shows they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In determining if summary judgment is appropriate, the Court must view the facts in the record and all inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must present some significant, probative evidence indicating the need for trial to resolve a material factual dispute. *Id.* at 322. A "mere scintilla" of evidence is not sufficient. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to merely determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907.

If the non-moving party fails to demonstrate a sufficient showing on an essential element of its case which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex,* 477 U.S. at 323. If the Court finds that no fair-minded jury could return a verdict in favor of the non-moving party, it may enter summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present evidence sufficient to establish a genuine issue of material fact necessitating

the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly suggested motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is merely colorable, or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

III. **ANALYSIS**

Anderson alleges in this § 1983 action that officers Lewis and Dillard used excessive force in arresting him in violation of the Fourth Amendment. See *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013)("The Fourth Amendment protects free citizens from excessive force in its prohibition against unreasonable seizures"). Anderson was convicted of resisting arrest. Under Tennessee law, resisting arrest occurs where a defendant intentionally prevents or obstructs an officer from effecting an arrest by using force against the officer. See T.C.A. § 39–16–602(a). It is an affirmative defense to resisting arrest that the officers used excessive force. See T.C.A. § 39-11-611(e); see also *Roberts v. Anderson*, 213 F.App'x 420, 427 (6th Cir. 2007). In the process of attempting to arrest him, Dillard fractured Anderson's hip when they fell to the ground.

Because Anderson was convicted for resisting arrest, the Court must examine what effect this underlying state conviction has on his excessive force claim. If a judgment in his favor would "necessarily imply the invalidity of his state conviction" for resisting arrest, then his excessive force claim cannot proceed unless he can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Sixth Circuit noted that the Supreme Court in *Heck* was "concerned that § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254, were on a collision course." *Hayward v. Cleveland Clinic Foundation*, 759 F.3d

4

601, 608 (6th Cir. 2014)(citations and quotations omitted). Conversely, "if … the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S. at 487.

In *Hayward,* the Sixth Circuit noted that if excessive force is an affirmative defense to the underlying crime, then *Heck* will apply to bar the § 1983 claim. *Hayward*, 759 F.3d at 608. In *Hayward,* the defendant pled guilty to resisting arrest under Ohio law. The Sixth Circuit analyzed the Ohio statute and found that excessive force constitutes an affirmative defense to the charge of resisting arrest. *Id*. at 611. It noted that "a criminal conviction for resisting arrest in Ohio cannot stand where a criminal defendant successfully asserts the affirmative defense of pre-arrest excessive force; and a § 1983 claim of excessive force would necessarily imply the invalidity of an underlying conviction for resisting arrest." *Id.*

The Court in *Hayward* was quick to note "that *Heck* does not bar § 1983 suits alleging post-arrest excessive force." *Id.* It examined a number of Sixth Circuit cases and found that all of them focused on the timing of the arrest compared to the timing of the alleged use of excessive force. A § 1983 claim for excessive force that was employed *after* the arrest and resistance would not necessarily imply the invalidity of the underlying conviction for resisting arrest. *Id.* at 611. But where pre-arrest excessive force is an affirmative defense to resisting arrest, success on a § 1983 claim for excessive force "would … render invalid a conviction for resisting arrest." *Id.* at 613. Whether a judgment in favor of the plaintiff would imply the invalidity of the underlying state conviction is fact dependent and requires the Court to "carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct to determine whether the alleged excessive force is used after the suspect ceases resisting arrest." *Id.* at 612.

In this case, the undisputed facts are that the force used by the officers was inextricably intertwined with Anderson's arrest. That is, Anderson was injured not after he was arrested but while he was yet struggling with the officers. Because the facts of this case indicate that the officers' allegedly excessive force occurred during Anderson's resistance to the arrest, his excessive force claim must be dismissed under *Heck*.

Anderson has not shown that his underlying conviction for resisting arrest "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus...." *Heck*, 512 U.S. at 486–87. The Supreme Court held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

Anderson suggests that *Heck* should not apply to bar his claim as he was convicted after a jury trial and not as a result of a guilty plea. [Doc. 29, pg. 3]. The Court finds that distinction not to be meaningful. *Heck* focuses is on whether success on the alleged excessive force claim would imply the underlying state conviction was invalid. In this case, it would because use of excessive force is an affirmative defense to resisting arrest under Tennessee law. See T.C.A. § 39-11-611(e).

Anderson also argues a genuine issue of material fact exists as to whether officers used force before or after he was placed "under control" by the officers. The Court disagrees. The undisputed evidence is that he was injured in the struggle, not afterwards. The video of the incident clearly shows the sequence of events, Anderson's resisting arrest, his struggle with the officers, their attempts to subdue him, and the fall to the ground causing Anderson's injuries.

Anderson argues it would be "inequitable for any person who suffers severe injury at the hands of the police, who have exercised excessive force, to be left with no redress for those injuries

6

simply because the police have claimed that the person has resisted arrest." [Doc. 29, pg. 5]. Anderson is correct in principal, but his argument fails because the facts do not support it. Anderson was convicted of resisting arrest, which, under the particular facts of this case, necessarily included the finding that the officers did not use excessive force.

The Court reaches the same conclusion for any claims of excessive force under the Tennessee Constitution. There is no private right of action for damages under the Tennessee Constitution. See *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir.1996); *Holloran v. Duncan*, 92 F.Supp.3d 774, 802–04 (W.D.Tenn.2015); *Bowden Bldg. Corp. v. Tenn. Real Estate Comm'n*, 15 S.W.3d 434, 446 (Tenn.Ct.App.1999). Anderson's claim for damages under the Tennessee Constitution is DISMISSED.

Because Anderson's claim is barred under *Heck,* the Court is not required to decide whether qualified immunity also bars the claim. *See Parvin v. Campbell*, 641 F. App'x 446 (6th Cir. 2016) (holding that once a court has determined that *Heck* bars a claim, no further qualified immunity analysis is necessary). That notwithstanding, the Court will also address Defendants' claim that they are otherwise entitled to qualified immunity. The Supreme Court recently held:

> The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.

*Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (citations and quotation marks omitted). The Court determines whether, based upon the applicable law, the facts viewed in a light most favorable to the plaintiff show that a constitutional violation has occurred. The Court must also consider

7

whether the violation involved a clearly established constitutional right of which a reasonable person would have known. *Sample v. Bailey*, 409 F.3d 689 (6th Cir. 2005).

Because this is an excessive force claim, it "should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Floyd v. City of Detroit*, 518 F.3d 398, 405 (6th Cir.2008)(quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Sixth Circuit has held that "the objective reasonableness standard [applies], which depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight." *Dunn v. Matatall*, 549 F.3d 348, 353 (6th Cir.2008) (citing *Graham*). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97, 109 S.Ct. 1865. Once a government official has raised the defense of qualified immunity, the plaintiff "bears the ultimate burden of proof to show that the individual officers are not entitled to qualified immunity." *Cockrell v. City of Cincinnati*, 468 F. App'x 491, 494 (6th Cir. 2012) (citation omitted).

Defendants argue they are entitled to qualified immunity on all claims because Anderson's allegations do not amount to a violation of a clearly established constitutional right that is actionable under § 1983. The Court agrees. In this case, Anderson has not presented sufficient evidence that the officers used excessive force. He resisted arrest and struggled with the officers as they attempted to arrest him. The force used in this case was not unreasonable. In fact, they physically engaged Anderson just as he did the officers. They did not use their firearms or other instrumentalities to subdue him. Anderson stopped resisting when he fell to the ground. Thus, the Court finds that the officers would otherwise be entitled to qualified immunity. The Court will grant summary judgment to them on the individual capacity claims.

Defendants also moved to dismiss the claims against them in their official capacity as police officers with the Bristol, Tennessee Police Department. Plaintiff does not object to the Court dismissing his claims in this regard [Doc. 29, pg 7]. Therefore, Defendants' motion to dismiss the claims against Defendants in their official capacity is GRANTED and those claims are dismissed with prejudice.

## IV. CONCLUSION

For the forgoing reasons, the Court will GRANT Defendants' motion to dismiss the official capacity claims and Defendants' motion for summary judgment on the individual capacity claims as alleged in the Complaint [Doc. 24]. Accordingly, this case is dismissed with prejudice. A judgment will enter accordingly.

SO ORDERED:

s/Clifton L. Corker  
United States Magistrate Judge